UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRIANNA BENNETT
15 Ingate Terrace
Halethorpe, MD 21227,

            *Plaintiff,*

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Blvd
Costa Mesa, CA 92626,

AND

TRANS UNION LLC
555 W. Adams St.
Chicago, IL 60661,

            *Defendants.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Brianna Bennett ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendants Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union") (Experian and Trans Union are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Halethorpe, Maryland.

6. Defendant Experian is a foreign entity that conducts business in the State of Maryland, and is a "consumer reporting agency" within the meaning of the FCRA.

7. Defendant Trans Union is a foreign entity that conducts business in the State of Maryland, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

8. Plaintiff is a victim of a mixed file.[1]

9. Plaintiff's Experian report includes the personal information of one or more other individuals, including a Social Security Number, spouse, addresses, employment history, and telephone numbers. In addition, Plaintiff's Experian report contains a JP Morgan Chase Bank credit account opened by another individual and for which Plaintiff is not responsible.

10. Plaintiff's Trans Union credit report includes the personal information of one or more other individuals, including addresses, employment history, and telephone numbers. In addition,

---

[1] A mixed file refers to a situation in which one or more consumer reporting agencies mix or merge the information of more than one consumer into a single consumer file.

Plaintiff's Trans Union report contains numerous credit accounts opened by one or more other individuals and for which Plaintiff is not responsible.[2]

11. Among other examples of defamatory publications, Experian published a consumer report containing Mixed Information to Rocket Mortgage on January 19, 2024. This publication defamed Plaintiff, thereby:

   a. Giving Rocket Mortgage the false impression that Plaintiff was a poor credit risk.

   b. Impugning Plaintiff's reputation and character.

   c. Causing Plaintiff to suffer substantial emotional distress as described herein.

12. Among other examples of defamatory publications, Trans Union published a consumer report containing Mixed Information to Discover Card on January 28, 2023. This publication defamed Plaintiff, thereby:

   a. Giving Discover Card the false impression that Plaintiff was a poor credit risk.

   b. Impugning Plaintiff's reputation and character.

   c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Damages*

13. At all times pertinent hereto, the conduct of Experian and Trans Union and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

14. In the alternative, the conduct of Experian and Trans Union and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

15. Experian and Trans Union, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

---

[2] Hereinafter, the information in Plaintiff's files attributable to one or more other individuals is the "Mixed Information."

16. Experian's and Trans Union's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including headaches, difficulty sleeping, frustration, apprehension about applying for credit, and instances of crying.

    b. Plaintiff was defamed by Experian and Trans Union, both of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

    c. Unjustifiable invasions of Plaintiff's privacy rights as Plaintiff's personal information was disseminated to unauthorized parties.

17. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

18. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[3]

## CAUSE OF ACTION
### VIOLATIONS OF THE FCRA BY EXPERIAN AND TRANS UNION
### (CONSUMER REPORTING AGENCIES)

19. Experian and Trans Union each violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Experian and

---

[3] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

Trans Union did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Mixed Information.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against both Defendants actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

_____/s/_____
Chelsea Ortega, #19327
Santoni, Vocci, & Ortega LLC
201 W. Padonia Road, Suite 101
Lutherville-Timonium, Maryland 21093
Phone: (443) 921-8161
Fax: (410) 525-5704
cortega@svolaw.com